UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN ALLEN MARCELIN,<br><br>      Petitioner,<br><br>v.<br><br>RAYMOND MARCHILLI,<br><br>      Respondent. | CIVIL ACTION<br>No. 18-10377-WGY |

ORDER

YOUNG, D.J.                                                                       April 12, 2018

This Court rules that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is dismissed because "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976).

The Court may review a state court's resolution of Fourth Amendment claims only when the "habeas petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system." Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001). The petitioner bears the burden of proving that he did not have a fair opportunity to adjudicate his Fourth Amendment claims. See id. Here, the petitioner argues instead that the police officers did not have probable

1

cause to arrest him and that the drugs seized stemming from the unlawful arrest should have been suppressed. Def.'s Resp. Mot. Dismiss at 2, ECF No. 9. This Court cannot address the petitioner's claims because "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under Stone, to second-guess the accuracy of the state court's resolution of those claims." Sanna, 265 F.3d at 9. "[T]he mistaken outcome of a state court suppression hearing, standing alone, cannot be treated as a denial of the opportunity fully and fairly to litigate a Fourth Amendment claim (and, thus, cannot open the door to federal habeas review)." Id.

Here, the petitioner had the opportunity fairly to litigate his Fourth Amendment claims. The Justice of the Superior Court issued a well-reasoned opinion explaining that the police officers possessed the requisite reasonable suspicion of criminal activity to stop the vehicle based on the police officers' experience, observation, and knowledge. Ex. 1 at 5-7., ECF No. 7. The Justice also credited Woburn police Captain Robert Rufo's ("Captain Rufo") testimony that he lawfully observed the drugs in plain view in the car near the petitioner. Id. at 8. On appeal, the Massachusetts Appeals Court upheld the decision, clarifying that while "the judge's finding on the

2

timing of the Miranda warnings [was] clearly erroneous," calling into question when the Petitioner had been placed under arrest, "Captain Rufo had reasonable suspicion to stop the car, and thus legally was in a position to see the pills through the windshield of the vehicle after approaching it." Commonwealth v. Marcelin, 90 Mass. App. Ct. 1121 (2016). The petitioner had the benefit of a "thorough set of procedures for the litigation of a Fourth Amendment claim -- and the petitioner, represented by counsel throughout, took full advantage of them." Sanna, 265 F.3d at 8.

For each of these reasons, the respondent's motion to dismiss, ECF No. 7, is GRANTED, and the petition for writ of habeas corpus, ECF No. 1, is DISMISSED.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

April 12, 2018

a certificate of appealability shall issue.

/s/ William G. Young
District Judge